IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SH TOBACCO & CIGARS, LLC, § § Plaintiff-Counterdefendant, § § VS. § § MASTERS 96TH, LLC, § § Defendant-Counterplaintiff-, § Third-Party Plaintiff, § § VS. § § SULAIMAN A. ALHAJRI, § § Third-Party Defendant. § | Civil Action No. 3:23-CV-0781-D |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant SH Tobacco & Cigars, LLC's ("SH Tobacco's") December 13, 2023 motion to compel, to which defendant-counterplaintiff-third party plaintiff Masters 96th LLC ("Masters") has not responded,[1] is granted.[2]

I

SH Tobacco moves to compel responses to its requests for production ("RFPs") Nos. 23-37. In response to the RFPs, Masters objected to these requests on the ground that they seek the production of documents subject to a claim of privilege, including the attorney-client privilege,

---

[1] Under N.D. Tex. Civ. R. 7.1(e), Masters' response was due January 3, 2024.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

and/or the work product doctrine. But Masters has failed to meet its burden with respect to either the attorney-client privilege or the work product doctrine. *See, e.g.*, *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (Kaplan, J.) ("The burden is on the party asserting the [attorney-client] privilege to demonstrate how each document satisfies all the elements of the privilege." (citation omitted)); *MC Trilogy Tex., LLC v. City of Heath, Texas*, 2023 WL 5918925, at *10 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.) ("The burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial." (citation omitted)).

II

SH Tobacco also moves to compel responses to RFPs Nos. 38-39, 49-52, 54, 56-1, and 59, and Interrogatory No. 8. Masters objects to each of these requests on the ground that they seek documents or responses that are not relevant to the claims in this case. But "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant[.]'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Because Masters has not responded to SH Tobacco's motion to compel, it has not met its burden to show that the requested discovery falls outside Rule 26(b)(1)'s scope of discovery.

\* \* \*

Accordingly, the court grants SH Tobacco's motion to compel. No later than 21 days after the date this memorandum opinion and order is filed, Masters must produce all documents in its care, custody, or control that are responsive to RFPs Nos. 23-39, 49-52, 54, 56-1, and 59, and must

answer Interrogatory No. 8 and serve the answer on SH Tobacco.

**SO ORDERED**.

January 17, 2024.

                                                    SIDNEY A. FITZWATER
                                                    SENIOR JUDGE