IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SH TOBACCO & CIGARS, LLC, § | |
| § | |
| Plaintiff-Counterdefendant, § | |
| § | Civil Action No. 3:23-CV-0781-D |
| VS. § | |
| § | |
| MASTERS 96TH LLC, § | |
| § | |
| Defendant-Counterplaintiff- § | |
| Third-Party Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| SULAIMAN A. ALHAJRI, § | |
| § | |
| Third-Party Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this diversity action arising from the alleged breach of a lease agreement, plaintiff-counterdefendant SH Tobacco & Cigars, LLC ("SH Tobacco") has responded to the ground that the court raised *sua sponte* for granting defendant-counterplaintiff-third-party plaintiff Masters 96th LLC's ("Masters'") motion for summary judgment. Concluding that SH Tobacco has not created a genuine issue of material fact with respect to its claim for violation of Tex. Prop. Code Ann. § 93.002(c) (West 2023), the court grants summary judgment in Masters' favor on this claim.

I

The court assumes the parties' familiarity with its decision in *SH Tobacco & Cigars, LLC v. Masters 96th LLC* (*SH Tobacco I*), 2024 WL 1687663 (N.D. Tex. Apr. 17, 2024)

(Fitzwater, J.), and recounts only the facts and procedural history necessary to understand this decision.

SH Tobacco (as tenant) and Masters (as landlord) entered into a commercial lease ("Lease") for retail space ("Premises") located in a Greenville, Texas shopping center.[1] Under the Lease, SH Tobacco was permitted to use the Premises "solely for a tobacco, cigar, and vape store," and "for no other purpose unless approved in writing by [Masters]." P. App. (ECF No. 70) at 2-3. Under section 3 of the Lease ("Section 3"), SH Tobacco was prohibited from using the Premises

> for a head shop or other establishment selling or exhibiting drug paraphernalia, supplies, products, or other equipment including, but not limited to, rolling papers, roach clips, bongs, pipes, hookahs, needles and small spoons, straws or paper tubes, small mirrors, or razorblades (collectively, the "Prohibited Products.").

*Id*. at 2. In addition, Section 3 provides that

> [t]he sale of any Prohibited Products in the Premises . . . shall constitute an immediate default hereunder and [Masters] may, without notice and in addition to any other remedies at law or in equity, terminate the Lease, regain possession of the Premises, and immediately accelerate all rent due hereunder.

*Id.* at 2-3.

A few months after SH Tobacco opened for business, Masters discovered that SH

---

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to SH Tobacco as the summary judgment nonmovant with respect to the Texas Property Code claim and draws all reasonable inferences in SH Tobacco's favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

Tobacco was advertising cannabidiol ("CBD") and kratom for sale. In a September 2022 letter ("Default Notice"), Masters advised SH Tobacco, *inter alia*, that it had "observed that [SH Tobacco] is selling CBD and a substance known as 'kratom' at the Premises," and that

> [r]ather than evicting [SH Tobacco] from the Premises and recovering all available damages, as [Masters] is entitled to do under Section 3 [of the Lease] given this Event of Default, [Masters] demands that [SH Tobacco] immediately cease and desist the marketing and sale of CBD, kratom, and any other Prohibited Products at the Premises. [SH Tobacco] is hereby notified that any future marketing or sale of CBD, kratom, or any other Prohibited Products at the Premises will result in [SH Tobacco]'s prompt eviction.

*Id*. at 28-29.

Masters later learned that SH Tobacco was continuing to advertise and offer CBD, kratom, and various Prohibited Products for sale at the Premises, including pipes, bongs, and hookahs. Accordingly, in January 2023, Masters retook possession of the Premises by super-gluing and breaking a key in the door and placing a concrete barrier in front of the entryway. Masters removed SH Tobacco's property from the Premises and allegedly placed the property in climate-controlled storage, where it remains.

SH Tobacco sued Masters in state court alleging a single claim under Texas law for "Termination of the Lease Agreement," and seeking damages under Tex. Prop. Code Ann. § 93.002(g). After removing the case and filing counterclaims, Masters moved for summary judgment, *inter alia*, on SH Tobacco's claim asserted against it.

In *SH Tobacco I* the court granted Masters' motion for summary judgment on SH Tobacco's breach of contract claim and raised *sua sponte*, that Masters is entitled to summary

judgment to the extent that SH Tobacco intends to plead a claim under the Texas Property Code. Because the court raised this ground for summary judgment *sua sponte*, it granted SH Tobacco 21 days to file a response brief and evidence appendix addressing why the court should not grant summary judgment on the ground that it had raised *sua sponte*. *SH Tobacco I*, 2024 WL 1687663, at *11. SH Tobacco has responded to the ground the court raised *sua sponte*.[2]

II

In *SH Tobacco I* the court granted summary judgment on SH Tobacco's breach of contract claim, finding that

> SH Tobacco does not dispute that, aside from advertising and selling CBD and kratom, it *also* advertised and sold bongs, pipes, hookahs, and other drug paraphernalia, i.e., "Prohibited Products," in its store.
>
> Section 3 of the Lease provides that
>
>> [t]he sale of any Prohibited Products in the Premises . . . shall constitute an immediate default hereunder and Landlord may, without notice and in addition to any other remedies at law or in equity, terminate the Lease, regain possession of the Premises, and immediately accelerate all rent due hereunder.
>
> Under the terms of the Lease, SH Tobacco's undisputed sale of Prohibited Products constituted an "immediate default" that gave Masters the right to regain possession of the Premises. In light of this undisputed evidence, SH Tobacco cannot create a

---

[2]After SH Tobacco filed its response, the court directed Masters to file a reply, which it did on May 24, 2024.

> genuine issue of material fact on the question whether Masters breached Section 30 of the Lease.

*SH Tobacco I*, 2024 WL 1687663, at *4 (alterations in original) (citations omitted). The court raised *sua sponte* that Masters is entitled to summary judgment on SH Tobacco's Property Code claim for essentially the same reason:

> Based on the undisputed fact that SH Tobacco sold Prohibited Products in violation of the Lease, the court has already held that SH Tobacco's conduct constituted an "immediate default" that triggered Masters' contractual right under the terms of the Lease to regain possession of the Premises. To the extent that the Property Code conflicts with Section 3 of the Lease—i.e., by forbidding a landlord from preventing a tenant from entering the lease premises except by judicial process—the Lease supersedes.

*Id.* at *5 (citation omitted).

### III

In its response to the court's *sua sponte* ground for granting summary judgment, SH Tobacco makes these four arguments: (1) SH Tobacco properly pleaded a claim for termination of the applicable lease agreement under the Texas Property Code; (2) the facts the court accepts in support of the legality of Masters' acts in locking SH Tobacco out were never pleaded, asserted in discovery responses, or raised until after the close of discovery; (3) SH Tobacco lacks sufficient documentation and information to properly defend itself against a *sua sponte* ruling in light of defendant's failure to produce documents; and (4) SH Tobacco's pending motion for leave to file a motion for sanctions seeks an adverse inference instruction that directly impacts SH Tobacco's ability to present its Texas Property Code

claim.

A

The court begins with SH Tobacco's argument that the court improperly considered "the sale of newly-alleged prohibited products as justification for the lockout." P. Br. (ECF 69) at 3.[3]

SH Tobacco contends that, at the time Masters locked it out, Masters had never mentioned that SH Tobacco had breached the Lease in any manner other than by selling CBD and kratom; that Masters never indicated in a pleading or in any of its discovery responses that the alleged sale of bongs, hookahs, pipes, or products other than CBD, kratom, and kava was an issue in the case; that in its summary judgment motion Masters alleged, "for the first time ever in this case and long after the close of discovery and pleading amendment deadline," that it had learned in November 2022 that SH Tobacco was advertising and offering various Prohibited Products for sale on the Premises, including pipes, bongs, and hookahs, *id.* at 6 (bold font and underlining omitted); that this new "fact," which Masters asserted in a "self-serving affidavit," contradicts every other document in the case stating that the lockout was due to the sale of CBD, kratom, and kava; that there is no evidence that SH Tobacco was locked out for selling, exhibiting, or advertising pipes, bongs, or hookahs; that the Texas Property Code provides the only remedy for SH Tobacco, as tenant, in the event of unlawful conduct by Masters; and that, at the very least, SH Tobacco's claim survives

---

[3]The court assumes *arguendo* that SH Tobacco sufficiently pleaded a claim for violation of the Texas Property Code.

summary judgment "by presenting the fact question of *what was the reason* the lockout occurred," *id.* at 8.

Masters responds that the Lease superseded the limited lockout rights in Tex. Prop. Code Ann. § 93.002(c) by allowing Masters to lock SH Tobacco out of the Premises without notice if SH Tobacco, *inter alia*, sold *any* of the Prohibited Products, which Masters did in January 2024; that "[b]ecause the Lease supersedes § 93.002(c) by expanding Masters' lockout rights to include the right to retake possession if Prohibited Products are sold," Masters' undisputed evidence that SH Tobacco advertised and sold bongs, pipes, hookahs, and other drug paraphernalia "is equally sufficient to defeat SH Tobacco's claim based on a violation of § 93.002(c), which is now the equivalent of a breach of contract claim since the Lease now controls on this issue," D. Br. (ECF No. 72) at 3; that the Default Notice demanded that SH Tobacco "immediately cease and desist the marketing and sale of CBD, kratom, and any other Prohibited Products at the Premises," thus putting SH Tobacco on notice that its sale of "Prohibited Products" violated the Lease, *id.* at 4 (underlining omitted); that Masters was not required in its answer and affirmative defenses to plead every reason justifying its lockout of SH Tobacco; that none of SH Tobacco's interrogatories asked Masters to identify the grounds for its default, SH Tobacco chose not to take any depositions, and the fact that Masters provided undisputed evidence of SH Tobacco's breach in connection with the summary judgment process is not a valid reason for the court to ignore evidence that is unfavorable to SH Tobacco; and that SH Tobacco's only remedy in this case is to pursue a claim for breach of the Lease since the Lease prevails over § 93.002(c) and

provides *additional* grounds for Masters to lock SH Tobacco out and regain possession of the premises.

B

For largely the reasons explained in *SH Tobacco I*, the court holds that Masters is entitled to summary judgment on SH Tobacco's Texas Property Code claim.

Under the terms of the Lease, the "sale of any Prohibited Products in the premises" constitutes an immediate default, entitling Masters, "*without notice* and in addition to any other remedies at law or in equity, [to] terminate the Lease, regain possession of the Premises, and immediately accelerate all rent due hereunder." P. App. (ECF No. 70) at 2-3 (emphasis added). It is undisputed that SH Tobacco sold Prohibited Products, including pipes, bongs, and hookahs, in violation of the terms of the Lease. Masters was therefore entitled to "regain possession of the Premises" by locking SH Tobacco out. To the extent that the Lease permits Masters to do more than it could under Tex. Prop. Code Ann. § 93.002(c), the Lease controls. *See* Tex. Prop. Code Ann. § 93.002(h) ("A lease supersedes this section to the extent of any conflict.").

C

SH Tobacco maintains that Masters is not entitled to summary judgment because it failed to properly plead or "timely raise[]" its argument that the lockout was justified due to SH Tobacco's sale of Prohibited Products (i.e., pipes, hookahs, and bongs) at the Premises. The court disagrees.

The court applies a "fair notice" pleading standard for affirmative defenses, as set

forth in *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). *SEC v. Cuban*, 798 F.Supp.2d 783, 795 n.13 (N.D. Tex. 2011) (Fitzwater, C.J.). "This requires that the party asserting the affirmative defense allege sufficient facts to give the opposing party fair notice of the nature of the affirmative defense and prevent unfair surprise." *Id*. Although the court in *Woodfield* noted that in some instances merely pleading the name of the affirmative defense may be sufficient, a "fact-specific analysis" is required to determine whether the pleadings set forth the "minimum particulars" needed to ensure the plaintiff is not the victim of unfair surprise. *See Woodfield*, 193 F.3d at 362.

Masters demanded in the Default Notice that SH Tobacco "cease and desist the marketing and sale of CBD, kratom, *and any other Prohibited Products* at the Premises." P. App. (ECF No. 70) at 29 (emphasis added). In its answer and affirmative defenses, Masters clearly alleged that SH Tobacco "violated the [Lease] by selling items not permitted by the [Lease]." Ans. & Aff. Defenses (ECF No. 1) at 32. This allegation is sufficient to give fair notice of the nature of Masters' defenses and prevent unfair surprise. Masters was not required in its answer and affirmative defenses to identify the precise "items," i.e., pipes, hookahs, and bongs, that SH Tobacco sold in violation of the Lease.

D

Regarding SH Tobacco's contention that Masters failed during discovery to "put Plaintiff on notice that the alleged sale of bongs, hookahs, pipes, or other products was at issue," P. Br. (ECF No. 69) at 5, the court is not persuaded that any such failure would justify denying summary judgment with respect to SH Tobacco's Texas Property Code claim.

First, SH Tobacco does not identify any discovery request that sought information about the *reason for the lockout* to which Masters failed to adequately respond.

Second, prior to filing its motion for summary judgment, Masters *did* produce the evidence on which it relies to prove that SH Tobacco sold bongs, hookahs, pipes, and other Prohibited Products in violation of the Lease. *See* P. Appx. (ECF No. 70) at 60 (Masters' January 18, 2024 supplemental initial disclosures identifying photographs of the alleged Prohibited Products, as displayed on the Premises in November 2022).

Third, even assuming *arguendo* that Masters failed during discovery to put SH Tobacco on notice that its sale of bongs, hookahs, pipes, and other Prohibited Products was at issue, SH Tobacco has not identified any prejudice that it suffered as a result. *See, e.g.*, *Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2006 WL 2468712, at *9 (N.D. Tex. Aug. 25, 2006) (Fitzwater, J.) ("Even when, for example, a party fails to timely supplement a discovery response, the evidence need not be excluded if the court finds that 'the failure will not unfairly . . . prejudice the other party.'" (quoting *Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 902 (Tex. App. 2004, pet. denied))). SH Tobacco does not dispute that it sold bongs, hookahs, pipes, and other Prohibited Products in violation of the clear terms of the Lease; it does not argue that it requires additional discovery to respond to Masters' contention that SH Tobacco's sale of bongs, hookahs, pipes, and other Prohibited Products justified the lockout; it did not move for a continuance under Rule 56(d) or otherwise request additional time to respond to the "new" argument that the lockout was justified by SH Tobacco's sale of bongs, hookahs, pipes, and other Prohibited Products; and it does not

otherwise show prejudice as a result of Masters' alleged failure to raise the issue until its motion for summary judgment.

IV

SH Tobacco next contends that Masters' failure to comply with the court's order compelling document production has deprived SH Tobacco of "substantial evidence which would allow it to defend itself against a *sua sponte* summary judgment ruling." P. Br. (ECF No. 69) at 10. But SH Tobacco fails to explain what additional evidence it requires from Masters that would enable it to defeat summary judgment on the ground the court raised *sua sponte*. And because SH Tobacco does not dispute that it sold bongs, hookahs, pipes, and other Prohibited Products in violation of the Lease, thus justifying the lockout, the court is not persuaded that any additional discovery would impact the outcome with respect to SH Tobacco's Texas Property Code claim.

V

SH Tobacco also argues that its "motion for sanctions, if permitted, seeks an adverse inference instruction imperative to plaintiff's defense of its Texas Property Code claim," *id.* (bold font and capitalization omitted), and that if the court grants its pending motion for leave to file a motion for sanctions, and then grants the motion for sanctions, this "would permit Plaintiff's defense of its Texas Property Code claim with testimony speaking directly to the damages suffered by Plaintiff and the mitigation of Defendant's eventual damages, if awarded." *id.* at 11-12. The court also rejects this argument. Even if SH Tobacco were able to successfully obtain an adverse inference instruction with respect to its damages, it would

still be unable to prevail on its Texas Property Code claim for the reason explained above, i.e., its undisputed sale of bongs, hookahs, pipes, and other Prohibited Products in violation of the Lease justified the lockout.

* * *

Accordingly, for the reasons explained in *SH Tobacco I* and this memorandum opinion and order, the court grants summary judgment on SH Tobacco's Texas Property Code claim.

**SO ORDERED**.

June 26, 2024.

                                        SIDNEY A. FITZWATER
                                        SENIOR JUDGE