IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SH TOBACCO & CIGARS, LLC,                §
                                         §
        Plaintiff-Counterdefendant,      §
                                         §        Civil Action No. 3:23-CV-0781-D
VS.                                      §
                                         §
MASTERS 96TH LLC,                        §
                                         §
        Defendant-Counterplaintiff-      §
        Third-Party Plaintiff,           §
                                         §
VS.                                      §
                                         §
SULAIMAN A. ALHAJRI,                     §
                                         §
        Third-Party Defendant.           §

MEMORANDUM OPINION
AND ORDER

In this diversity action arising from the alleged breach of a lease agreement ("Lease"), the following motions are pending for decision: defendant-counterplaintiff-third-party plaintiff Masters 96th LLC's ("Masters'") motion to reconsider the court's order granting plaintiff-counterdefendant SH Tobacco & Cigars, LLC's ("SH Tobacco's") motion to compel; SH Tobacco's motion for leave to file motion to strike Masters' third supplemental initial disclosures; and SH Tobacco's motion for leave to file motion for sanctions. For the reasons that follow, the court grants Masters' motion to reconsider to the extent that it will consider Masters' response in opposition to SH Tobacco's motion to compel, but otherwise denies the motion; grants SH Tobacco's motion for leave to file motion to strike Masters' third supplemental initial disclosures; grants SH Tobacco's motion for leave to file motion

for sanctions; and denies SH Tobacco's motion for sanctions, which is attached to its motion for leave to file motion for sanctions.

I

The court begins with Masters' motion to reconsider.

A

In *SH Tobacco & Cigars, LLC v. Masters 96th, LLC*, 2024 WL 191183, at *1 (N.D. Tex. Jan. 17, 2024) (Fitzwater, J.), the court granted SH Tobacco's motion to compel, to which Masters failed to respond. In its motion to reconsider, Masters requests that the court reconsider its holding because Masters' failure to file a response was due to an inadvertent calendaring error on the part of Masters' counsel and in the interest of justice to ensure this discovery dispute is resolved on the merits rather than on a technicality.

SH Tobacco opposes Masters' motion on the grounds, *inter alia*, that reconsideration is not appropriate where there has been a calendering error, miscommunication, or assumption; no miscarriage of justice will result if the court requires the requested production; Masters has failed to offer any suitable explanation for the missed deadline that would warrant reconsideration; the response to SH Tobacco's motion to compel is not the first important deadline that Masters has missed in this case; and even if the court reconsiders SH Tobacco's motion to compel, the outcome will be the same because Masters' best arguments in opposition do not warrant denial of the relief SH Tobacco seeks in the motion.

- 2 -

Masters replies that it

> has continued its efforts to obtain, review, and appropriately
> supplement its document production since Plaintiff first filed its
> Motion to Compel. In an attempt to reduce the need for judicial
> intervention, satisfy its ongoing obligation to supplement
> discovery, and as a show of good faith following Defendant's
> January 29, 2024, conference with Plaintiff's counsel before
> filing its Motion to Reconsider, Defendant served its First
> Amended Responses to Request for Production on February 7,
> 2024, removing several objections, and produced an additional
> 532 pages of documents. This supplemental document
> production included all documents in Defendant's possession
> responsive to Requests for Production Nos. 25, 27, 30, 32, 35,
> 54, and 56-1. In addition, Defendant has now produced
> documents in its possession that are responsive to Requests for
> Production Nos. 23-24, 26, 28-29, 31, 33-34, and 36-37, except
> for (1) documents and communications involving Defendant's
> in house legal counsel, which Plaintiff[s] concede they do not
> seek, and (2) a handful of documents and communications being
> withheld on the basis of the work product doctrine.

D. Reply (ECF No. 56) at 4 (footnote omitted). Masters also contends that, because SH

Tobacco did not respond to its argument that documents containing information about similar

lease provisions are not relevant to SH Tobacco's claims or the issues in this case, SH

Tobacco has abandoned this argument.

                                        B

    "Because the court's interlocutory discovery decision did not result in a final

judgment, Fed. R. Civ. P. 54(b) governs whether the court reconsiders its ruling." *SEC v.

Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.) (citing *Dos

Santos v. Bell Helicopter Textron, Inc*., 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (Means,

J.)). The court "possesses the inherent procedural power to reconsider, rescind, or modify

an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981)).  "Such a motion requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (quoting *Judicial Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D.D.C. 2006)).

The court in its discretion grants Masters' motion for reconsideration to the extent that it will consider Masters' response to SH Tobacco's motion to compel.  Although the court does not condone Masters' failure to timely respond to SH Tobacco's motion to compel, its preference is to address SH Tobacco's motion on the merits.  Moreover, because the court's consideration of Masters' response to SH Tobacco's motion to compel does not deprive SH Tobacco of any of the discovery that the court previously ordered, SH Tobacco will not be prejudiced by the court's consideration of Masters' response.

Accordingly, Masters' motion is granted to the extent that the court will reconsider its ruling on SH Tobacco's motion to compel in light of Masters' response.

C

Based on the representations in Masters' reply, it appears to the court that the discovery SH Tobacco seeks in requests for production ("RFP") Nos. 23-37, 54, and 56-1 has at this point been either produced or withheld based on a valid claim of privilege or the work product doctrine.  Accordingly, the court need not reconsider its order compelling the production of documents responsive to these requests.

D

In RFP Nos. 38-39 and 59, and Interrogatory No. 8, SH Tobacco seeks documents and information related to lease agreements with Home Depot, the anchor tenant for the leased premises ("Premises").  Masters objects to the production of documents and information responsive to these requests on the ground that they are not relevant.

1

Under Rule 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control."  Rule 34(a)(1).  And, under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or respond to an interrogatory or request for admission.

As the party opposing SH Tobacco's motion to compel, Masters bears the burden of proof.  In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how. . . each [request] is not relevant.'"  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the

- 5 -

burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).

2

In its motion to compel, SH Tobacco contends that it learned during mediation that a reason for the lockout was that Home Depot's lease contained certain provisions limiting the types of businesses which could surround the Home Depot store, and that "with an indication through mediation that the lockout had something to do with the provisions of a lease agreement entirely separate from Plaintiff, Plaintiff is entitled to conduct discovery related to that lease agreement."  P. Br. (ECF No. 26) at 11.

Masters responds, *inter alia*, that even if the Home Depot lease contained such a provision, this provision would not be relevant to whether Masters had a right to enforce the provisions of SH Tobacco's Lease based on SH Tobacco's conduct.  It argues that "[t]he only relevant questions at issue involve the specific use provisions of the Lease, and whether Plaintiff's use of the space was in breach of those restrictions."  D. Br. (ECF No. 36) at 11.

3

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."  *Taylor v. Rothstein Kass & Co.*, 2020 WL 7321174, at *2 (N.D. Tex. Dec. 11, 2020) (Fitzwater, J.) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467,

- 6 -

470 (N.D. Tex. 2005) (Ramirez, J.)). SH Tobacco contends that Masters may have been motivated to lock it out of the Premises due to a provision in its (or its parent company's) lease with the anchor tenant, Home Depot. To the extent that the Home Depot lease informs the parties' understanding of the terms of the Lease or the restrictions included in Section 3 of the Lease, the court concludes that it is relevant.

Accordingly, the court denies Masters' motion to reconsider its order with respect to RFP Nos. 38-39 and 59 and Interrogatory No. 8.

E

In RFP Nos. 49-52 Masters seeks the production of lease agreements for other tobacco, cigar, and vape shops under the purview of Masters and its parent company. Masters objects to these requests on relevance grounds.[1]

SH Tobacco argues that the phrase "tobacco, cigar, and vape store" is undefined in the Lease and that its requests for information related to other tobacco, cigar, and vape store tenants "is aimed at understanding Defendant's subjective knowledge as to what products are intended to be offered at a tobacco, cigar, and vape store." P. Br. (ECF No. 26) at 13.

Masters responds that the only relevant issue is whether SH Tobacco violated the specific terms of its own Lease and that "[w]hat other leases say or do not say is irrelevant

---

[1] In its reply, Masters contends that, because SH Tobacco did not respond to its arguments regarding similar lease provisions, it has effectively abandoned its request for this discovery. The court disagrees. SH Tobacco adequately set out its response to Masters' relevance objections in its motion to compel, and it has not indicated to the court that it no longer seeks this discovery.

because each of those leases is separately negotiated, and no two are identical." D. Br. (ECF No. 36) at 12. It also maintains that, through its affiliates, Masters' parent company, Sandor, has nearly two dozen tenants across the country that sell tobacco, cigar, and/or vape products and that the time and burden required for Masters and non-party Sandor to locate and produce these leases will provide no benefit to SH Tobacco because no two leases are alike and "if Plaintiff wishes to show that other tenants of Masters and non-party Sandor that are similar to Plaintiff are allowed to offer CBD and Kratom products without enforcement, this information will likely not even be contained in the lease language" but would, instead, require additional discovery into each individual tenant's particular practices, *id.* at 13.

Largely for the same reasons discussed above, *see supra* § I(D)(3), the court concludes that the information SH Tobacco seeks is relevant and must be produced. Because the Lease does not define the phrase "tobacco, cigar, and vape store" or the term "head shop," it may be necessary to consider evidence outside of the Lease to determine the parties' understanding of these terms. *See, e.g.*, *Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2023 WL 2518329, at *11 (N.D. Tex. Mar. 14, 2023) (Fitzwater, J.) ("When a court determines that a contract is ambiguous, the trier of fact must resolve the ambiguity by determining the true intent of the parties, taking into account extrinsic evidence to help determine the language's meaning." (brackets, internal quotation marks, and citations omitted)), *aff'd*, 2024 WL 3042394 (5th Cir. June 18, 2024). Masters' leases with other similar properties could inform this determination. And the court is unconvinced that it would be unduly burdensome for Masters or its parent company to produce approximately two dozen leases that it likely

already has within its possession, custody, or control.

Accordingly, the court denies Masters' motion to reconsider its order with respect to RFP Nos. 49-52.

II

The court now turns to SH Tobacco's motion for leave to file motion to strike Masters' third supplemental initial disclosures ("Supplemental Disclosures").

A

Rule 16(b)(4) governs a party's request to modify a scheduling order.  *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.).[2]  "To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent."  *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.) (citing *Cartier*, 2009 WL 614820, at *2).  The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the

---

[2]Under the court's May 12, 2023 scheduling order ("Scheduling Order"), the deadline for filing motions was December 13, 2023.  Because the Scheduling Order's deadline for filing motions has already passed, the court construes SH Tobacco's motion for leave to file motion to strike as a motion under Rule 16(b)(4) to modify the Scheduling Order.

scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing

the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres*

*v. Heico Cos*., 782 F.3d 224, 237 (5th Cir. 2015) (alterations adopted) (citation omitted). The

court considers the four factors holistically and "does not mechanically count the number of

factors that favor each side." *EEOC v. Serv. Temps, Inc*., 2009 WL 3294863, at *3 (N.D.

Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

SH Tobacco does not address the Rule 16(b)(4) good cause standard in its motion for

leave to file motion to strike. "When a party files an untimely motion . . . and does not

address the good cause standard under Rule 16(b)(4), this court typically denies the motion

for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3

(N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citation omitted). But the court has made

exceptions in cases where the movant does not address the Rule 16(b)(4) good cause

standard, but the grounds on which it relies to establish good cause are relatively clear. *See,*

*e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014)

(Fitzwater, C.J.) ("Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her

brief, but the grounds on which she relies enable the court to apply the pertinent four-factor

test."). Accordingly, because the grounds on which SH Tobacco relies enable the court to

apply the pertinent four-factor test, the court will consider on the present briefing whether

SH Tobacco has met the good cause standard of Rule 16(b)(4) to amend the scheduling

order.

1

The court considers, first, SH Tobacco's explanation for failing to timely file its motion to strike Masters' Supplemental Disclosures.  Under the court's May 12, 2023 scheduling order ("Scheduling Order"), the deadline for completing discovery was November 15, 2023.  On February 9, 2024 Masters served its Supplemental Disclosures, naming five new individuals who allegedly have knowledge or information relevant to this lawsuit: Andrew Hasbrook ("Hasbrook"), Jay Stein, Sam Rakib Mohamed, Rawa Hiwedi, and Seham Ajaj ("Ajaj").  SH Tobacco contends that it could not have filed its motion on or before the Scheduling Order's December 13, 2023 motion deadline because the Supplemental Disclosures were not served until February 9, 2024, and Masters' failure to disclose these individual prior to the close of discovery was not due to any action or inaction on the part of SH Tobacco.

Masters responds that SH Tobacco already knew about the recently-disclosed individuals because SH Tobacco's owners and representatives either interacted with them directly during the facts giving rise to the lawsuit or they were disclosed by or otherwise known to SH Tobacco.[3]  Regarding Hasbrook, specifically, Masters contends that SH Tobacco's owners and representatives interacted with him directly in negotiating the terms of the Lease in February 2022, and, regarding Ajaj, Masters contends that she is the sister of SH Tobacco's agent who acted on its behalf during the pre-Lease negotiations and after the

---

[3]In its reply, SH Tobacco clarifies that its proposed motion to strike only challenges the disclosure of two individuals: Hasbrook and Ajaj.

lockout.

The court concludes that the first factor weighs in favor of permitting SH Tobacco's motion.  Although SH Tobacco clearly knew the identity of Hasbrook and Ajaj prior to Masters' Supplemental Disclosures, it did not know until after the close of discovery and the motions deadline that Masters planned to support its case with testimony from these individuals.

2

The court next considers the importance of the modification.  SH Tobacco maintains that it will "face great prejudice" if Masters' late disclosures are permitted because it had no opportunity to conduct discovery on Hasbrook or Ajaj before the close of discovery.

The court concludes that this factor weighs slightly in favor of permitting SH Tobacco's motion.  Without suggesting that SH Tobacco will be successful in its eventual motion to strike, which has not yet been filed, SH Tobacco should at least be permitted to move to strike the late disclosure of Hasbrook and Ajaj, given that Masters may rely on these individuals' testimony at trial, discovery has now closed, and SH Tobacco will not be able to depose or otherwise serve discovery relating to them.

3

The court next considers the potential prejudice that SH Tobacco's requested modification would cause.  Masters opposes SH Tobacco's motion on the ground that the

- 12 -

proposed motion to strike would be futile[4] because any untimely disclosure was harmless and did not prejudice SH Tobacco. But Masters does not contend that *it* will be prejudiced if the court modifies the Scheduling Order to permit SH Tobacco to file its motion to strike. Accordingly, this factor also weighs in favor of permitting the motion.

4

The court considers next the extent to which a continuance would alleviate any prejudice. The trial is set for the two-week docket of August 19, 2024, more than one month away. If necessary, the court can continue the discovery deadline and the trial.

5

The court now addresses the four factors holistically, without mechanically counting the number of factors that favor each side. *See Serv. Temps, Inc*., 2009 WL 3294863, at *3. After weighing all of the relevant factors, the court concludes that SH Tobacco has shown good cause to amend the Scheduling Order. SH Tobacco has provided a sufficient explanation for its failure to timely move to strike, the motion is important, and Masters has neither argued nor shown that it will be prejudiced if the court permits SH Tobacco to file it. Accordingly, the court grants SH Tobacco's motion for leave to file motion to strike. It must file the motion no later than 14 days after this memorandum opinion and order is filed.

---

[4]In granting SH Tobacco's motion for leave to file motion to strike, the court does not suggest that SH Tobacco will prevail on its eventual motion. But because SH Tobacco has not yet filed the motion, the court declines at this point to address Masters' merits-based futility argument.

III

The court now turns to SH Tobacco's motion for leave to file motion for sanctions.

A

On June 5, 2023 SH Tobacco served a request for inspection under Rule 34(a)(2), seeking access to the Premises for the purpose of inspecting and making a record of all inventory located therein. Masters responded on July 3, 2023, providing photographs of SH Tobacco's inventory and offering to allow SH Tobacco to inspect the items removed from the Premises[5] at an agreed time, date, and for a reasonable duration. An inspection was eventually scheduled for January 3, 2024. When SH Tobacco's corporate representative arrived for the inspection, however, he discovered that all of the inventory was blocked by signs and heavy display cases, preventing access to the boxes containing SH Tobacco's inventory. Because the cases could not be moved to access the inventory, SH Tobacco had no choice but to abandon the inspection. SH Tobacco filed the instant motion two months later, on March 6, 2024.

B

SH Tobacco has again failed to address the Rule 16(b)(4) good cause standard in its motion for leave to file motion for sanctions. But because the court holds below that the

---

[5]SH Tobacco contends that Masters' removal of its inventory from the Premises amounts to spoliation of evidence. SH Tobacco responds that it was permitted under Section 38 of the Lease to remove SH Tobacco's property from the Premises upon an event of default and that this "would be an aspect of Plaintiff's breach of contract claim under the Lease." D. Br. (ECF No. 64) at 6-7. The court agrees that Masters' removal of SH Tobacco's inventory form the Premises is, under the facts of this case, an issue to be addressed at trial.

motion for sanctions should be denied, *see infra* § III(C), the court will assume *arguendo* that SH Tobacco could satisfy the requirements of Rule 16(b)(4).  Accordingly, the court grants SH Tobacco's motion for leave to file motion for sanctions and turns to the merits of SH Tobacco's motion, which it has attached as an exhibit to its motion for leave to file motion for sanctions.

C

SH Tobacco moves for sanctions under Rule 37(d), which permits the court to order sanctions if "a party, after being properly served with . . . a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Masters did not fail to serve answers, objections, or a written response to SH Tobacco's request for inspection.  It produced photographs of SH Tobacco's inventory and offered, in addition to the production of documents, to allow SH Tobacco to inspect the items removed from the Premises "at an agreed time, date, and for a reasonable duration."  P. App. (ECF No. 58-3) at 15.  The fact that SH Tobacco was unable to inspect the Premises on January 3, 2024 due to the presence of heavy display cases blocking its inventory is an insufficient ground to warrant the severe sanction that SH Tobacco seeks.  Nor is the court persuaded that Masters' other conduct with respect to inspection of the Premises justifies the imposition of sanctions under Rule 37(d).

Accordingly, SH Tobacco's motion for sanctions is denied.

*   *   *

For the reasons explained, the court grants Masters' motion to reconsider to the extent that it has considered Masters' response in opposition to SH Tobacco's motion to compel,

- 15 -

but otherwise denies the motion; grants SH Tobacco's motion for leave to file motion to strike; grants SH Tobacco's motion for leave to file motion for sanctions; and denies SH Tobacco's motion for sanctions.

      **SO ORDERED**.

      June 26, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE