IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SH TOBACCO & CIGARS, LLC, | § | |
| | § | |
| Plaintiff-Counterdefendant, | § | |
| | § | Civil Action No. 3:23-CV-0781-D |
| VS. | § | |
| | § | |
| MASTERS 96TH LLC, | § | |
| | § | |
| Defendant-Counterplaintiff- | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| SULAIMAN A. ALHAJRI, | § | |
| | § | |
| Third-Party Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this diversity action arising from the alleged breach of a lease agreement, defendant-counterplaintiff-third-party plaintiff Masters 96th LLC ("Masters") moves for leave to amend its counterclaim and plaintiff-counterdefendant SH Tobacco & Cigars, LLC ("SH Tobacco") moves to strike Masters' third supplemental initial disclosures. For the reasons that follow, the court denies both motions.

I

The court begins with Masters' motion for leave to amend its counterclaim.

A

Under the court's May 12, 2023 scheduling order ("Scheduling Order"), the deadline for filing a motion for leave to amend pleadings was August 30, 2023. When, as here, the

deadline to amend pleadings has expired, a court considering a motion to amend or supplement pleadings must first determine whether to modify the scheduling order under Fed. R. Civ. P. 16(b).  *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).  Rule 16(b)(4) requires that a party seeking to modify a scheduling order show good cause.  *Id*.; *see, e.g.*, *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.).  The "good cause" standard focuses on the diligence of the party seeking the modification to the scheduling order.  *Am. Tourmaline Fields*, 1998 WL 874825, at *1.  "[T]o demonstrate 'good cause,' the movant must show that, despite [its] diligence, [it] could not have reasonably met the scheduling deadline." *Id*. (citation omitted).  In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos*., 782 F.3d 224, 237 (5th Cir. 2015) (brackets omitted) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).  The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

- 2 -

B

Considering the four factors holistically, *see id.*, the court concludes that Masters has not met its burden under Rule 16(b)(4).

In its motion for leave to amend, Masters contends that it was not until the court issued its summary judgment opinion, long after the Scheduling Order deadline to move for leave to amend pleadings, that it became "aware that the Court considered its affirmative claims to be more limited than its defenses."  D. Br. (ECF No. 87) at 4.  It posits that it had pursued its case through depositions and summary judgment "on the basis that its claim against SH Tobacco was premised on SH Tobacco's breach of the 'Purpose' provision under Section 3 of the Lease as a whole, not just limited to CBD, kratom, and kava," and that it "now seeks to amend its pleadings to clarify any questions of the scope of its claim and to bring its allegations in line with the facts adduced through discovery and the findings of this Court on summary judgment."  *Id.*  Regarding the second factor, Masters maintains that the amendment is important because it seeks to clarify allegations that SH Tobacco breached the Lease by selling "Prohibited Products," and that "[w]ith this amendment, Masters will have effectively established the breach element of its claim, as the Court has already found the facts supporting SH Tobacco's undeniable breach to be undisputed and indisputable."  *Id.* at 5.  Masters also contends that SH Tobacco will not be prejudiced by the amendment and cannot claim surprise or lack of notice and that any prejudice can be cured by a trial continuance.

The court will assume *arguendo* that Masters' requested relief is important and that

SH Tobacco either will not be prejudiced or that any prejudice can be cured by continuing the applicable deadlines.  Even so, Masters has failed to demonstrate that it acted with diligence in seeking leave to amend its counterclaim.  *See, e.g.*, *Mallory v. Lease Supervisors, LLC*, 2019 WL 3253364, at *4 (N.D. Tex. July 19, 2019) (Fitzwater, J.) ("Courts deny motions to amend the scheduling order when the moving party fails to demonstrate that, despite [its] diligence, [it] could not have reasonably met the scheduling deadline." (quoting *Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *3 (N.D. Tex. Aug. 7, 2015) (Fitzwater, J.))).  As this court has previously explained:

> [i]f the absence of undue prejudice or the availability of a continuance to cure such prejudice were alone determinative, the Rule 16(b)(4) standard would not be one of "good cause"; it would be an "absence of incurable prejudice" standard.  A moving party who, for example, had shown a complete lack of diligence and who undoubtedly could reasonably have met the scheduling deadline would still be able to obtain an amended scheduling order merely by demonstrating that the opposing party would not be prejudiced.  But the standard is "good cause," and the good cause standard focuses on the diligence of the party seeking to modify the scheduling order.

*Matamoros*, 2015 WL 4713201, at *3; *see also Serv. Temps*, 2009 WL 3294863, at *3 (stating that the court must "remember[] at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order[,]" and finding that the movant had failed to satisfy the good cause standard of Rule 16(b)(4) where it had not provided plausible explanation for its delay, and that this failure to provide plausible explanation outweighed the other factors in the court's analysis).

Masters has not demonstrated that it acted diligently in seeking leave to amend the

- 4 -

Scheduling Order.  On April 17, 2024, in *SH Tobacco & Cigars, LLC v. Masters 96th LLC*, 2024 WL 1687663 (N.D. Tex. Apr. 17, 2024) (Fitzwater J.), the court held that Masters had not pleaded a counterclaim based on SH Tobacco's sale of bongs, hookahs, and pipes.

> Masters does *not* plead that SH Tobacco breached the lease by selling bongs, hookahs, and pipes.  Nor does it allege or otherwise put SH Tobacco on notice that, in addition to breaching the Lease by selling and advertising CBD, kava, and kratom, SH Tobacco *also* breached the lease by selling bongs, hookahs, and pipes.

*See id.* at *6.  Yet Masters waited *over three months*, until just one month before trial was set to begin,[1] to file the instant motion.  Even if, as Masters contends, it was unaware of the need to amend its counterclaim before the court issued its summary judgment ruling, Masters has not offered an explanation that would justify its additional three-month delay, until just weeks prior to trial, in seeking leave to amend.

Because the court concludes that Masters has failed to demonstrate that it acted diligently and to demonstrate good cause to modify the Scheduling Order, the court denies Masters' motion for leave to amend.

## II

The court now turns to SH Tobacco's motion to strike Masters' third supplemental initial disclosures ("Supplemental Disclosures"), which SH Tobacco contends are untimely

---

[1]Although the trial of this case was continued, at the time Masters filed its July 26, 2024 motion for leave to amend, the trial was set on the two-week docket of August 26, 2024.

under Rule 26(e).[2]

## A

Under the Scheduling Order, the discovery deadline was November 15, 2023.  On February 9, 2024, after the close of discovery, Masters served its Supplemental Disclosures, which for the first time identify Andrew Hasbrook ("Hasbrook")[3] as an individual having knowledge or information relevant to the suit.  SH Tobacco sought, and obtained, leave to amend the Scheduling Order to file the instant motion to strike the untimely disclosure of Hasbrook, which Masters opposes. *See SH Tobacco & Cigars, LLC v. Masters 96th LLC*, 2024 WL 3241327, at *6 (N.D. Tex. June 26, 2024).

## B

Assuming *arguendo* that Masters' disclosure of Hasbrook is untimely under Rule 26(e), the court concludes that Hasbrook should not be stricken under Rule 37(c)(1) because

---

[2]Under Rule 26(e),

> [a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

[3]The Supplemental Disclosures identify several other individuals, but Masters has clarified that Hasbrook is the only person whom it intends to call as a witness at trial.  D. Resp. (ECF No. 88) at 1 ("Masters only responds regarding the disclosure of Andrew Hasbrook as it does not intend to call the other person, Seham Ajaj, at trial, and thus that issue is moot.").

Masters' failure to make a timely disclosure is harmless.

Under Rule 37(c)(1),

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Rule 37(c)(1). "Rule 37(c)(1) thus does not require witness preclusion for untimely disclosure if missing the deadline is harmless." *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 196 (4th Cir. 2003). "The district court has broad discretion in deciding whether a [Rule 26] violation is substantially justified or harmless." *Sea Side Villas II Horizontal Prop. Regime v. Single Source Roofing Corp.*, 64 Fed. Appx. 367, 372 (4th Cir. 2003) (citing *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

> In evaluating whether a violation of Rule 26 is harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Hoffman v. L&M Arts*, 2013 WL 81578, at *2 (N.D. Tex. Jan. 8, 2013) (Fitzwater, C.J.) (quoting *Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *11 (N.D. Tex. June 30, 2004) (Fitzwater, J.)). "The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Id.* at *3 n.7 (citations and internal quotation marks omitted) (quoting *Serv. Temps*, 2009 WL 3294863, at *3).

C

1

Regarding the first factor—the importance of the evidence—the court concludes that Hasbrook is an important trial witness because he is expected to provide testimony regarding the pre-lease discussions pertaining to the permitted and prohibited use of the leased premises, SH Tobacco's knowledge regarding the lease prohibitions and opportunities for negotiation with respect to the lease terms, and Masters' expectations and practices regarding similar lease restrictions.

2

The second factor focuses on prejudice to the opposing party. SH Tobacco maintains that Masters' untimely disclosure "presents great harm and prejudice" because

> [w]ithout the opportunity to conduct discovery on Hasbrook . . . Plaintiff cannot anticipate or prepare for [his] trial testimony, if called. In addition, Plaintiff does not have any awareness as to what information or knowledge relevant to this case [Hasbrook] holds.

P. Br. (ECF No. 81) at 5. But SH Tobacco has failed to identify any particular discovery that it requires from Hasbrook but cannot now obtain due to his late disclosure. And since SH Tobacco has not taken any depositions in this case, it is questionable whether it would have taken Hasbrook's had he been disclosed earlier in the litigation.

Hasbrook is a Senior Leasing Representative for Masters' parent company, and SH Tobacco's owners and representatives directly communicated with him for months to find the location of the store at issue and to negotiate the terms of the lease. Masters contends,

and SH Tobacco does not dispute, that through its written discovery requests, SH Tobacco "has already requested all the documents that would cover Hasbrook's involvement in this case," D. Br. (ECF No. 88) at 8-9, and "additional written discovery would yield nothing more," *id.* at 2. SH Tobacco does not dispute that this is true. And because SH Tobacco has opted not to conduct a single deposition so far in this litigation, the court questions whether it would have deposed Hasbrook had he been disclosed earlier. Accordingly, the court concludes that any prejudice to SH Tobacco is minimal.

3

The third factor addresses the possibility of curing prejudice with a continuance. SH Tobacco argues that any trial or discovery continuance would unnecessarily delay trial in this case, but it provides no reason why the court could not "utilize its discretion in continuing the trial or discovery deadlines in light of the untimely disclosure." P. Br. (ECF No. 81) at 8. Without suggesting that a trial continuance would be granted, if requested—indeed, the court has scheduled the trial for November 4 and 5, 2024—the court concludes that the third factor is neutral or weighs in favor of permitting the Supplemental Disclosures.

4

Under the fourth factor, the court evaluates the explanation for the late disclosure. In its response, Masters contends that it was only after the parties filed their summary judgment briefs that it realized that Hasbrook's testimony would be necessary at trial:

> Masters disclosed Hasbrook on February 9[, 2024] in light of the
> new arguments raised by SH Tobacco in its summary judgment
> briefing that all that was at issue was CBD, kava, and kratom.
> Realizing the role Hasbrook might play due to his involvement
> in the pre-lease discussions about the scope and nature of SH
> Tobacco's restrictions under the Lease, Masters thus formally
> disclosed Hasbrook (notwithstanding his previous disclosure in
> the January 18[, 2024] document production).[4]

D. Br. (ECF No. 88) at 5. Although the court is not entirely persuaded that Masters could

not have "formally disclosed" Hasbrook earlier, it nevertheless finds Masters' justification

for the delay to be sufficient. Moreover, it appears that as soon as Masters realized that

Hasbrook's testimony would be relevant to the case—i.e., as soon as it reviewed SH

Tobacco's summary judgment arguments—it filed the Supplemental Disclosures.

5

Finally, the court considers the factors holistically. Stated summarily, the court is

somewhat persuaded by Masters' explanation for the late disclosure, SH Tobacco has not

shown that it has been prejudiced, and another trial continuance, if necessary, is possible.

Under these circumstances, the court finds that Masters' failure to file the Supplemental

Disclosures sooner is harmless. Accordingly, the court denies SH Tobacco's motion to strike

Masters' Supplemental Disclosures.

---

[4]Masters contends that on January 18, 2024 it produced a set of documents that
included correspondence between Hasbrook and SH Tobacco's owners.

- 10 -

\*   \*   \*

For the reasons explained, the court denies Masters' motion for leave to amend its

conterclaim and denies SH Tobacco's motion to strike Masters' third supplemental initial

disclosures.

**SO ORDERED**.

October 2, 2024.

_____

SIDNEY A. FITZWATER
SENIOR JUDGE